IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 5:20CR114 |
| | ) | |
| Plaintiff, | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| v. | ) | |
| | ) | |
| LARRIEN BROWN-AUSTIN, | ) | <u>RESPONSE IN OPPOSITION TO</u> |
| | ) | <u>MOTION FOR BILL OF PARTICULARS</u> |
| Defendant. | ) | |

Now comes the United States of America, by and through counsel, Justin E. Herdman, United States Attorney, and Carol Skutnik and Ranya Elzein, Assistant United States Attorneys, and hereby submits the following response in opposition to Defendant's Motion for Bill of Particulars [R. 43].

I.    **Background**

On February 12, 2020, the Grand Jury returned a three-count indictment charging Defendant Larry Brown-Austin, Larrien Brown-Austin, and Shannon Marzano.  Brown-Austin charged in all three counts.  Count 1 charges Conspiracy to Commit Sex Trafficking, in violation of 18 U.S.C. § 1594(c).  (R.3: Indictment).  Count 1 alleges a number of overt acts and identifies two victims: Victim #1 and Victim #1.  Counts 2 charges Sex Trafficking by Force, Threats of Force, Fraud, and Coercion, in violation of 18 U.S.C. § 1591(a)(1), with respect to Victim #1.  (*Id.*).  Count 3 charges the same offense but with respect to Victim #2.  (*Id.*)  Counts 2 and 3 incorporate by reference the overt acts alleged in Count 1.  (*Id.*).

On April 17, 2020, the government sent Brown-Austin comprehensive discovery that included, among other things, law enforcement reports, cellular phone reports, photographs, jail

calls, search warrants, and records.  Notably, the police reports include a summary of the initial statements that Victim #1 and Victim #2 made to law enforcement about Brown-Austin's sex trafficking activity[1].

Before receiving this discovery, Brown-Austin filed the instant motion for a bill of particulars.  (R. 43: Mot. Bill of Particulars).  For the following reasons, the Court should deny Brown-Austin's motion.

## II.    Argument

The Court should deny Brown-Austin's motion because the government has provided sufficient information, through the Indictment and discovery, to allow him to prepare a defense to the allegations of force, threats of force, fraud, and coercion, to minimize surprise, and to enable him to plead double jeopardy if he is later charged with the same offenses.

"A bill of particulars is meant to be used as a tool to minimize surprise and assist [the] defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes."  *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993).  "[T]he test in ruling on a motion for a bill of particulars is whether providing such details is *necessary* to the preparation of the defense and avoidance of prejudicial surprise."  *United States v. Musick*, 291 F. App'x 706, 724 (6th Cir. 2008) (emphasis added).  To that end, a bill of particulars "is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial," *Salisbury*, 983 F.2d 1369, 1375, and it should not be issued where the indictment is sufficiently detailed, *United States v. Mohammad*, No. 1:10-CR-389,

---

[1] The government would not typically produce such *Jencks Act* material at this time consistent with the rationale discussed herein but concluded that the disclosure of these initial interviews would provide counsel with a good understanding of the victims' allegations.  The government has additional *Jencks Act* material that will not be disclosed at this time.

2012 WL 4483544, at *7 (N.D. Ohio Sept. 27, 2012).  "This is particularly so in a conspiracy case where the Government is not required to disclose all overt acts alleged to have occurred in furtherance of the conspiracy."  *United States v. Martin*, 822 F.2d 1089, at *3(6th Cir. 1987). Indeed, "[a] bill of particulars, properly viewed, supplements an indictment by providing the defendant with information *necessary* for trial preparation.  Generalized discovery, however, is not an appropriate function of a bill of particulars and is not a proper purpose in seeking the bill."  *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986) (emphasis in the original) (citation omitted).

While a defendant is entitled to know the factual details surrounding the offenses charged, he is not entitled to the details of how the offense will be proved.  *United States v. Glecier*, F.2d 496, 502 (7th Cir. 1991).  To that end, broad requests for information such as exact dates, places, and times in which events occurred and the respective roles and manner of participation of others in such events "ignore the proper scope and function of a bill of particulars" and are to be denied.  *United States v. Volpe*, 42 F.Supp.3d 204, 224 (E.D.N.Y. 1999).  Moreover, "a defendant is not entitled to a bill of particulars with respect to information which is available through other sources."  *United States v. Paulino*, 935 F.2d 739, 750 (6th Cir. 1991), *suspended on other grounds by statute*, *United States v. Caselorente*, 220 F.3d 727 (6th Cir. 2000).

Finally, "once a bill of particulars is filed, it confines the Government's evidence to the particulars furnished, and therefore restricts the Government's proof.  The courts, in ruling upon a motion for a bill of particulars, should accordingly balance the defendant's need for the information against the effect of narrowing the Government's scope of proof."  *Martin*, 822 F.2d 1089, at *2 (internal citation omitted).

Ultimately, whether to order the government to provide a bill of particulars lies within the discretion of the trial court.  *Salisbury*, 983 F.2d at 1375.  "[R]efusal by a court to grant a bill of particulars is reversible error only if it can be shown that the defendant was actually surprised at trial and thereby suffered prejudice to his substantial rights."  *Knight v. Dugger*, 863 F.2d 705 (11th Cir. 1998); *United States v. Butler*, 822 F.2d 1191, 1193 (D.C. Cir. 1987).

### A.    The Indictment is Sufficient to Notify Brown-Austin of the Charges, Allow him to Prepare a Defense, and Minimize Surprise at Trial

Contrary to Brown-Austin's assertions, the Indictment provides sufficient detail to allow him to prepare a defense, and the government is not required to disclose its theory about the precise manner in which Brown-Austin committed the alleged crimes.  First, the Indictment is sufficient because it tracks the language of the statutes charged.  An indictment is sufficient under the Constitution and Federal Rule of Criminal Procedure 7(c)(1) to notify the defendant of the charges against him if it tracks the language of the statute.  *United States v. Anderson*, 182 F.3d 918, at *3 (6th Cir. 1999) ("[A]n indictment is presumed sufficient if it tracks the statutory language, cites the elements of the crimes charged, and provides approximate dates and times.") (internal quotation marks and citation omitted); *United States v. Horton*, 580 F. App'x 380, 383 (6th Cir. 2014) ("The general rule is that an indictment is sufficient if its language tracks the statute.").  The Indictment here does just that.  Brown-Austin is on notice that he will stand trial for conspiring to and in fact recruiting, enticing, harboring, transporting, providing, obtaining, and maintaining two adult victims by force, threats of force, fraud, and coercion between June 2018 and August 20, 2018.  (R. 3: Indictment, PageID 6-16).  The essential elements are pled.

Brown-Austin nevertheless requests the government provide him with: (1) specific dates, times, and places that the alleged overt acts in Count 1 occurred, and (2) the specific allegations

of force, threats of force, fraud, and coercion against Brown-Austin.  The Court should deny both requests.

First, not only do all three counts of the Indictment track the language of the statutes Brown-Austin violated, but Count 1, the conspiracy count, outlines in *great detail*, over seven pages, the defendants' alleged acts in furtherance of the conspiracy, including Brown-Austin's use of force, threats and coercion.  (*Id.*, PageID 7-14).  These acts are then incorporated in Counts 2 and 3, the substantive counts of sex trafficking.  (*Id.*, PageID 14-15).  Brown-Austin's argument that he is entitled to even more particulars is contrary to case law and is unnecessary for him to adequately prepare for trial.  Indeed, unlike the general conspiracy provision of 18 U.S.C. § 371, no overt acts need to be alleged to support a sex trafficking conspiracy charged pursuant to 18 U.S.C. § 1594(c).  *See, e.g.*, *United States v. Pascacio-Rodriguez*, 749 F.3d 353, 362 n.42 (5th Cir. 2014) (noting that Section 1594 does not require the government to prove an overt act was committed in furtherance of the conspiracy); *Whitfield v. United States*, 543 U.S. 209, 213-14 (2005) (holding when Congress omits an explicit reference to an overt act in a conspiracy statute, it dispenses with that requirement).  The government was therefore not required to plead any of the overt acts, let alone provide the specific dates, times, and places they occurred, and the Court should reject his request for the same.  *See United States v. Armocida*, 515 F.2d 49, 54 (3d Cir. 1975) (rejecting a request for the "when, where, and how" of any overt acts because it was tantamount to a request for "wholesale discovery of the Government's evidence[,]" which is outside the purpose for a Bill of Particulars); *United States v. Butler*, 822 F.2d 1191, 1193 (D.C. Cir. 1987) (finding no abuse of discretion in denying request for bill of particulars for the times and places the defendant entered and exited the alleged conspiracy); *United States v. Hsia*, 24 F. Supp. 2d 14, 30 (D.D.C. 1998) (rejecting disclosure of detail as to

5

time, place, and date of all overt acts in furtherance of the alleged conspiracy as an overbroad

request in a motion for a Bill of Particulars); *United States v. DiCesare*, 765 F.2d 890, 897 (9th

Cir. 1985) (a bill of particulars is not the proper vehicle for a defendant to obtain the names of

any unknown co-conspirators, to determine the exact date on which the charged offenses

allegedly occurred, or to delineate overt acts that comprised the charged activity).

Second, as explained above, it is well established that a bill of particulars cannot be used

as a device to compel disclosure of the government's evidence or legal theory before trial.  In

asking the government to specify exactly which statutory elements of sex trafficking the

government intends to rely upon at trial, Brown-Austin seeks exactly this type of improper

disclosure.  Brown-Austin is simply not entitled to a bill of particulars delineating the specific

instances of force, fraud and coercion that he is alleged to have committed.  *See, e.g.*, *Salisbury*,

983 F.2d at 1375; *United States v. Mills*, No. 16-cr-20460, 2019 WL 1915762, at *5 (E.D. Mich.

April 30, 2019) ("As a general rule, a defendant is not entitled to receive details of the

government's conspiracy allegations in a bill of particulars."); *United States v. Jimenez*, 824

F.Supp. 351, 363 (S.D.N.Y. 1993) (citations omitted) (motions for a bill of particulars detailing

the "whens," "wheres," and "with whoms" of charged crimes are routinely denied).  Indeed,

other courts have denied similar requests in sex trafficking cases on the grounds that such

requests are not the proper subject of a motion for a bill of particulars.  *See, e.g.*, *United States v.

Rivera*, No. 09-CR-619, 2011 WL 1429125, at *8 (E.D.N.Y. April 13, 2011) (concluding that

defendant's demands for "evidentiary details and the precise nature of the evidence the

government intends to offer at trial, *e.g.*, specific names, conduct and dates and times of that

conduct; whether the government intends to prove that [defendant] was a principal or

aider/abettor in the offense charged; and specifics regarding the force, threats of force, serious

harm, threats of serious harm, abuse of legal process, threatened abuse of legal process, fraud, coercion or scheme involved" were beyond the scope of a bill of particulars); *United States v. Paris*, No. 06-CR-0064, 2007 WL 1158117, at *2 (D. Conn. April 18, 2007) (concluding that defendant is not entitled to a bill of particulars "of the alleged force, fraud and coercion" engaged in by defendant where the indictment and discovery were sufficient to provide the information); *United States v. Robinson*, No. 1:14-CR-0176-RWS, 2014 WL 6667018, at *8 (N.D. Ga. Nov. 24, 2014) ("[T]he Government is entitled to allege multiple means of committing an offense…. [The Government] did so, clearly informing Defendant of the allegation that he used force, threats of force, coercion and fraud to induce the alleged acts of prostitution.  Defendant's demand for further explanation or particularization of how the Government believed he did these things is tantamount to a demand for the Government's evidence, which is not the proper subject of a bill of particulars.").

Brown-Austin's reliance on *United States v. Blake* in arguing the contrary is misplaced.  In *Blake*, the defendant requested the court order that the government provide "specific information about which means of causation the government intends to claim at trial; the dates, times, and locations where those events occurred; and the identities of the alleged victims that the government intends to claim with respect to" a specific count that failed to identify a victim.  Case No. 13-80054, 2014 WL 2965313, at *2 (June 30, 2014 S.D. FL.).  At a hearing, the government provided an oral bill of particulars identifying the victims and indicating only that it did not intend to proceed on the theory of fraud with respect to three sex trafficking counts that plead use of force, threats of force, fraud, or coercion.  *Id*. at *1-4.  There is no indication that the government provided any further details on its force, threats of force, or fraud theories.  The court then granted the defendant's motion in part to the extent that the government provided that information at the hearing, *and denied* the motion with respect to the defendant's remaining requests.  In so doing, the court

found that defendant's request for specific dates, times, and locations of alleged events, which Brown-Austin requests here, was improper.  *Blake* thus does not support Brown-Austin's position.

In any event, on April 17, 2020, the Government sent Brown-Austin an abundance of discovery about the use of force, threats of force, fraud, and coercion, that he is alleged to have committed.  This discovery– which includes, among other things, the initial statements that Victim #1 and Victim #2 made to law enforcement about Brown-Austin's sex trafficking activity, provides Brown-Austin with sufficient information to advise him of the charges he must defend at trial.  As such, the bill of particulars he seeks is unwarranted, and at the very least, premature.

Finally, many of the additional specifics regarding the allegations of force, threats of force, fraud, and coercion that Brown-Austin seeks are contained in victim statements.  Such evidence constitutes *Jencks* material that the government is not statutorily required to produce until after the witness testifies.  *See* 18 U.S.C. § 3500(a).  The government has already voluntarily provided a summary of the victims' initial statements to law enforcement.  Brown-Austin's request for additional specific information here would be an improper attempt to circumvent the timing provisions of *Jencks* and obtain a detailed disclosure of the government's evidence before trial.  *See United States v. Brazil*, 395 F. App'x 205, 215 (6th Cir. 2010); *see also United States v. Mohammad*, No. 1:10-CR-389, 2012 WL 4483544, at *7 (N.D. Ohio Sept. 27, 2012) (noting that a defendant may not "use a bill of particulars to discover the government's legal theory of the case").

    **B.**     **The Indictment and Discovery is Sufficient to Allow Brown-Austin to Obtain the Information Necessary to Raise any Double Jeopardy Claims**

Brown-Austin incorrectly argues that Counts 2 and 3 violate the prohibition against duplicity, apparently arguing that the disclosure of specific dates of Brown-Austin's alleged conduct would cure the violation[2].  In so doing, Brown-Austin conflates the issue of duplicity with the principle that a bill of particulars can be used as a tool to assist a defendant in obtaining the information needed to preclude a second prosecution for the same crimes.  *See Salisbury*, 983 at 1375.  Here, the Indictment alleges that Brown-Austin engaged in specific conduct between June 2018 and August 20, 2018.  The discovery produced provides further details regarding that conduct.  Brown-Austin has not shown that this information is insufficient to allow Brown-Austin to obtain information needed to argue double jeopardy in a *second prosecution* based on his alleged actions during the alleged time period.  To the extent that Brown-Austin intends to argue that the Indictment is duplicitous, which it is not, a motion for bill of particulars is not the proper vehicle to do so.

Finally, it is worth noting that sex trafficking offenses differ from most other types of offenses.  According to the Indictment the allegations of sex trafficking began in or around June of 2018 and ended in August of 2018.  The discovery makes it clear that the offense is part of a continuing course of criminal conduct and that force, threats of force, and coercion were used to accomplish the offense.  The discovery provided bears this out.

In sum, the Brown-Austin's Motion for a Bill of Particulars is nothing more than a discovery tool designed to elicit further factual specifics supporting the charges, and to probe the government's legal theories.  As this is not the proper purpose of a bill of particulars, the Brown-Austin's motion should be denied.

---

[2] Counts 2 and 3 relate to two separate victims.

9

**III.  Conclusion**

For the foregoing reasons, the Court should deny Brown-Austin's Motion for Bill of

Particulars [R. 43].

Respectfully submitted,

JUSTIN E. HERDMAN
United States Attorney

By:  /s/ Carol M. Skutnik
Carol M. Skutnik (OH: 0059704)
Ranya Elzein (OH: 0090887)
Assistant United States Attorney
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3785/3929
(216) 522-8355 (facsimile)
Carol.Skutnik@usdoj.gov
Ranya.Elzein@usdoj.gov

By:  /s/ Ranya Elzein
Ranya Elzein (OH: 0090887)
Carol M. Skutnik (OH: 0059704)
Assistant United States Attorneys
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3929/3785
(216) 522-8355 (facsimile)
Ranya.Elzein@usdoj.gov
Carol.Skutnik@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 17th day of April 2020, a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's system.

*/s/ Ranya Elzein*
Ranya Elzein
Assistant U.S. Attorney